IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DWANN JONES, | : | CIVIL ACTION NO. **1:CV-14-1092** |
| Plaintiff | : | |
| | : | (Chief Judge Connor) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| MANPOWER, INC., | : | |
| Defendant | : | |

FILED SCRANTON
JUN 10 2014
PER ___ MS
DEPUTY CLERK

## MEMORANDUM AND ORDER

**I.    Background.**

On June 5, 2014, Plaintiff, Anthony Dwann Jones, a resident of 1823 North Street, Harrisburg, Pennsylvania, 17103, filed, *pro se*, a form 2-page Complaint with Exhibits attached. (Docs. 1 & 1-2, pp. 1-6).

In his Complaint, Plaintiff states that his employment with Defendant Manpower, Inc. ("Manpower"), in Chambersburg, Pennsylvania, ended sometime in 2007, after he sustained an injury. Plaintiff claims he then moved to Harrisburg, Pennsylvania, and never subsequently worked for Manpower. (Doc. 1, p. 2). However, Plaintiff alleges that after his injury, his application for Supplemental Security Income ("SSI") was denied twice on the erroneous basis that he was still employed with Manpower, even though he claims he was not employed by Manpower when he filed his SSI applications. In addition, Plaintiff claims the IRS sent him a letter in 2012, stating that somebody had filed, presumably a tax return, under his name and Social Security number. On April 15, 2014, Plaintiff alleges that his food stamps were "cut" because Defendant Manpower sent a work statement stating he was still employed by it. Plaintiff also avers that the Dauphin County

Assistance Office called Defendant Manpower on his behalf, and that Manpower claimed there was a clerical error. Plaintiff further states that he has documentation regarding the wages earned by the client of Defendant Manpower who Manpower allowed to use his identity from May 26, 2013, to March 9, 2014. (*Id.*).

Plaintiff's Exhibits attached to his Complaint (Doc. 1-2) include a May 22, 2014, response from the PA Attorney General's Office ("AG"), Bureau of Consumer Protection, to Plaintiff's complaint filed with the AG against Defendant Manpower. The AG basically stated that the Federal Trade Commission ("FTC") was the agency with primary jurisdiction over Plaintiff's matter and stated that Plaintiff's Complaint was forwarded to the FTC. Plaintiff's Exhibits also include a May 1, 2014, Identity Theft Information Report from the Harrisburg Bureau of Police stating that it is an official letter providing notice that Plaintiff has been the victim of identity theft. Finally, Plaintiff's Exhibits include a March 11, 2014, Verification of Social Services indicating that Plaintiff was employed by Manpower, as a temporary worker, from April 30, 2004, through March 9, 2014. The Verification form also listed a history of pay periods Plaintiff appeared to have worked for Manpower from May 20, 2007, through October 28, 2007, and from May 26, 2013, through March 9, 2014. However, Plaintiff indicated on the Verification form that he actually worked for Manpower only from May 20, 2007, through October 28, 2007. Plaintiff indicated that whom ever was working for Manpower under his name and Social Security number from May 26, 2013, through March 9, 2014, was not him. Plaintiff further indicated on the Verification form that the wages earned in 2007 was for the time he actually worked for Manpower, but that he did not work for Manpower with respect to the wages earned for 2013.

In is Complaint, Plaintiff indicates he is seeking restitution damages in the amount of ten million dollars ($10,000,000) from Defendant Manpower for identity theft and identity fraud, and breach of contract.  As stated, Plaintiff essentially avers that Defendant Manpower knowingly allowed one of its clients to work under his identity. Plaintiff has not stated any specific federal statutes or state laws which Defendant Manpower has allegedly violated.   It appears that Plaintiff is invoking this Court's diversity jurisdiction under 28 U.S.C. §1332 since he states that he is a Pennsylvania citizen and that Defendant Manpower is located in Milwaukee, WI. (See Doc. 1-1).

As stated, Plaintiff is proceeding *pro se*.  In addition, Plaintiff has filed an Application for Leave to Proceed *in forma pauperis*.  (Doc. 2).  Plaintiff indicated that he is homeless and has no assets.

## II.     Screening Plaintiff's Complaint

Since Plaintiff filed an Application for Leave to Proceed *in forma pauperis*, we can screen his Complaint under 28 U.S.C. §1915(e)(2). *See Henry v. Harrisburg Police Dept.*, Civil No. 1:13-CV-2740, M.D. Pa. ("[T]he screening requirements articulated in 28 U.S.C. §1915(e)(2) apply with equal force to poisoner and civilian litigants alike.").

## III.    Discussion.

We find that Plaintiff's 2-page, handwritten form Complaint is deficient. (Doc. 1, pp. 1-2). Plaintiff's Complaint has not yet been served on Defendant Manpower and the Court has not yet ruled on his Motion to proceed *in forma pauperis*. As mentioned, Plaintiff appears to allege that this Court has jurisdiction over his case under diversity of citizenship.

Plaintiff states that his claims against Defendant Manpower are for identity theft, identity fraud, and breach of contract. Plaintiff seeks $10 million in damages against Manpower for "noingly (sic) [knowingly] and willingly allowing a client to work under [his] personal information." (*Id.*, p. 2).

Plaintiff's first claim is for identity theft and identity fraud. Since Plaintiff does not cite to any federal or state statutes with respect to his claims, it appears that Plaintiff may be alleging a violation of a federal criminal statute, 18 U.S.C. §1028, regarding fraud and related activity in connection with identification documents, authentication features, and information. However, we find that "[t]here is no civil action component included in 18 U.S.C. § 1028 regarding crimes involving fraudulent identification documents." *Talley v. Deutsche Bank Trust Co.*, 2009 WL 901126, *4 (D.N.J. 2009).[1] We find that Plaintiff's Complaint lacks sufficient allegations as to Defendant Manpower and what this Defendant did to violate any applicable federal statutes under which Plaintiff has a private right of action.

Plaintiff may also be trying to assert a claim of identity theft against Defendant Manpower under PA state law. In *Eagle v. Morgan*, 2013 WL 943350, *9 (E.D.Pa. March 12, 2013), the Court stated:

---

[1] We note that to the extent that Plaintiff is deemed as requesting that this Court initiate federal criminal prosecution against Defendant Manpower for knowingly allowing another temporary employee to use his identity and Social Security number, this Court clearly lacks such authority. The Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so. See *Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action. See *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.

Plaintiff next alleges that Defendant Edcomm committed the crime of identity theft for which she is entitled to civil damages under 42 Pa.C.S. § 8315. The crime of identity theft is defined as follows: "A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose." 18 Pa. Cons.Stat. § 4120(a). "Identifying information" is defined as "[a]ny document, photographic, pictorial or computer image of another person, or any fact used to establish identity, including, but not limited to, a name, birth date, Social Security number, driver's license number, nondriver governmental identification number, telephone number, checking account number, savings account number, student identification number, employee or payroll number or electronic signature." *Id.* at § 4120(f).

[], the Court does not find that Plaintiff has established this cause of action by a preponderance of the evidence. First, [], identity theft requires some unlawful possession of a person's identifying information. *Wallace v. MediaNews Grp., Inc.*, No. Civ.A.12–872, 2013 WL 214632, at *6 (M.D.Pa. Jan. 18, 2013) ("To be in violation of this statute, one must be in possession of identifying information of another without their consent and use that information to further an unlawful purpose ... There is no evidence the Wallace's mug shot was 'stolen.' The mug shot was apparently obtained for police files and was part of the public record.").

Since Plaintiff Jones states that he previously worked for Defendant Manpower and Manpower lawfully possessed all of his identifying information, Manpower did not steal Plaintiff's information. Also, Plaintiff does not allege that Defendant Manpower used his information for any unlawful purpose. Rather, Plaintiff alleges that another client of Defendant Manpower obtained his information and used it, and that this caused him damages since he was denied SSI benefits and his food stamps were cut. Thus, Plaintiff fails to state a claim for civil damages against Defendant Manpower under §8315. *See Eagle v. Morgan*, 2013 WL 943350, *9(Court held that since Plaintiff presented no evidence that Defendant stole her information and used it for an unlawful purpose, there was no merit to Plaintiff's PA state law claim of identity theft.).

Plaintiff also alleges Defendant Manpower breached a contract. In *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania*, the Court stated:

> "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa.Super.1999). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. *Id.* at 1058.

*Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania*, 2006 PA Super 54, 895 A.2d 595, 600 (Pa. Super. Ct. 2006).[2] Plaintiff's Complaint, as discussed above, does not state the required elements for a breach of contract claim under Pennsylvania law against Defendant Manpower. Plaintiff does not allege that there was a security breach of Defendant Manpower's database and he does not state how the other client of Manpower obtained his personal information. As such, we find that Plaintiff's Complaint lacks sufficient allegations as to what Defendant Manpower did to breach a contract it had with Plaintiff.

Thus, we find that Plaintiff's Complaint fails to state any cognizable claim against Defendant Manpower.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to

---

[2]Pennsylvania substantive law is utilized in this diversity case as this Court sits in Pennsylvania. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

relief; and (3) a demand for judgment for the relief sought by the pleader.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendant fair notice of what Plaintiff's claims against it are and the grounds upon which his claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the conduct of Defendant about which Plaintiff is complaining.

Accordingly, Plaintiff Jones will be directed to file an amended complaint. Plaintiff is also reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Plaintiff's amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

If Plaintiff fails, within the applicable time period, to file his amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

**IV.    Conclusion.**

Based on the foregoing, we will direct Plaintiff Jones to file an Amended Complaint. An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: June 10, 2014