# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DWANN JONES, | : | CIVIL ACTION NO. **1:CV-14-1092** |
| Plaintiff | : | |
| | : | (Chief Judge Connor) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| MANPOWER, INC., | : | |
| | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.    Background.**

On June 5, 2014, Plaintiff, Anthony Dwann Jones, a resident of 1823 North Street, Harrisburg, Pennsylvania, 17103, filed, *pro se,* a form 2-page Complaint with Exhibits attached. (Docs. 1 & 1-2, pp. 1-6).

In his original Complaint, Plaintiff stated that his employment with Defendant Manpower, Inc. ("Manpower"), in Chambersburg, Pennsylvania, ended sometime in 2007, after he sustained an injury. Plaintiff claimed he then moved to Harrisburg, Pennsylvania, and never subsequently worked for Manpower. (Doc. 1, p. 2). However, Plaintiff alleged that after his injury, his application for Supplemental Security Income ("SSI") was denied twice on the erroneous basis that he was still employed with Manpower, even though he claimed he was not employed by Manpower when he filed his SSI applications. In addition, Plaintiff claimed the IRS sent him a letter in 2012, stating that somebody had filed, presumably a tax return, under his name and Social Security number. On April 15, 2014, Plaintiff alleged that his food stamps were "cut" because Defendant Manpower sent a work statement indicating he was still employed by it. Plaintiff also

averred that the Dauphin County Assistance Office called Defendant Manpower on his behalf, and that Manpower claimed there was a clerical error. Plaintiff further stated that he has documentation regarding the wages earned by the client of Defendant Manpower who Manpower allowed to use his identity from May 26, 2013, to March 9, 2014. (*Id.*).

Plaintiff's Exhibits attached to his original Complaint (Doc. 1-2) included a May 22, 2014, response from the PA Attorney General's Office ("AG"), Bureau of Consumer Protection, to Plaintiff's complaint filed with the AG against Defendant Manpower. The AG basically stated that the Federal Trade Commission ("FTC") was the agency with primary jurisdiction over Plaintiff's matter and stated that Plaintiff's complaint was forwarded to the FTC. Plaintiff's Exhibits also included a May 1, 2014, Identity Theft Information Report from the Harrisburg Bureau of Police stating that it was an official letter providing notice that Plaintiff had been the victim of identity theft. Finally, Plaintiff's Exhibits included a March 11, 2014, Verification of Social Services indicating that Plaintiff was employed by Manpower, as a temporary worker, from April 30, 2004, through March 9, 2014. The Verification form also listed a history of pay periods Plaintiff appeared to have worked for Manpower from May 20, 2007, through October 28, 2007, and from May 26, 2013, through March 9, 2014. However, Plaintiff indicated on the Verification form that he actually worked for Manpower only from May 20, 2007, through October 28, 2007. Plaintiff indicated that whom ever was working for Manpower under his name and Social Security number from May 26, 2013, through March 9, 2014, was not him. Plaintiff further indicated on the Verification form that the wages earned in 2007 was for the time he actually worked for Manpower, but that he did not work for Manpower with respect to the wages earned for 2013.

In is original Complaint, Plaintiff indicated he was seeking restitution damages in the amount of ten million dollars ($10,000,000) from Defendant Manpower for identity theft and identity fraud, and breach of contract. As stated, Plaintiff essentially averred that Defendant Manpower knowingly allowed one of its clients to work under his identity. In is original Complaint, Plaintiff did not state any specific federal statutes or state laws which Defendant Manpower allegedly violated. It appeared that Plaintiff was invoking this Court's diversity jurisdiction under 28 U.S.C. §1332 since he stated that he was a Pennsylvania citizen and that Defendant Manpower was located in Milwaukee, WI. (*See* Doc. 1-1).

As stated, Plaintiff is proceeding *pro se*. In addition, Plaintiff has filed an Application for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff indicated that he is homeless and has no assets.

Since Plaintiff filed an Application for Leave to Proceed *in forma pauperis,* we screened his original Complaint under 28 U.S.C. §1915(e)(2). *See Henry v. Harrisburg Police Dept*., Civil No. 1:13-CV-2740, M.D. Pa. ("[T]he screening requirements articulated in 28 U.S.C. §1915(e)(2) apply with equal force to prisoner and civilian litigants alike."). We found that Plaintiff's original Complaint was deficient and we issued a Memorandum and Order on June 10, 2014, in which we directed Plaintiff to file an Amended Complaint and explained how to do so. (Docs. 3 & 4).

Plaintiff timely filed his Amended Complaint against Defendant Manpower on June 18, 2014, with an attached Exhibit. **(Doc. 5).** Plaintiff's Amended Complaint is a 2-page from civil Complaint provided by the Clerk of Court. Plaintiff indicates that his Amended Complaint if filed under "Civil Right violation 440/442." (*Id*., p. 1). It appears that Plaintiff is referring to Section IV.

3

Nature of Suit on a Civil Cover Sheet which this Court utilizes. (*See* Doc. 1-1). Plaintiff seems to be relying on the categories found under the Civil Rights heading of Section IV. of the Civil Cover Sheet and the box corresponding to "440 Other Civil Rights" as well as the box corresponding to "442 Employment."

Despite our June 10, 2014, Memorandum detailing the deficiencies of Plaintiff's original Complaint and explaining how to file an amended pleading, Plaintiff's Statement of Claim in his Amended Complaint consists only of the following three (3) sentences: "Manpower misused my personal information by reactiving (sic) [reactivating] my work status with them. When it wasn't me who was working. And profiting from it." (Doc. 5, pp. 1-2). As relief in his Amended Complaint, Plaintiff requests that "Manpower pay restitution in the about of 10,000,000.00 dollar[s]."

As an Exhibit to his Amended Complaint, Plaintiff attaches a copy of an IRS Wage and Income Transcript for the tax period through December 2013, indicating that someone with the name of "Anthony D Jones" and with Plaintiff's Social Security number, residing at an address in Chambersburg, PA, earned $3,152.00 from Manpower in 2013. (Doc. 5-1). Plaintiff handwrote on the top of his Exhibit, "This wasn't me who worked for Manpower."

We now screen Plaintiff's Amended Complaint. We have been assigned Plaintiff's case for pre-trial matters.

**II.     Screening of *Pro Se* Complaints–Standard of Review.**

As stated, Plaintiff filed a Motion to Proceed *in forma pauperis* in this case. (Doc. 2). For present screening purposes, we shall recommend that the Court, in its discretion, grant Plaintiff's *in forma pauperis* Motion.

4

Because we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not an inmate and he does not complain about prison conditions. Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal - -
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering

> [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

**III.    Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,*[556 U.S. 662], 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible

6

claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

**IV.     Section 1983 Standard.**

As mentioned, Plaintiff styles his Amended Complaint as being filed for a civil rights violation seemingly under 42 U.S.C. §1983.  In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt*

7

v. *Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[1] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Phillips v. Miller*, 2010 WL 771793, *2 (M.D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

---

[1] Plaintiff does not allege in either of his pleadings that Defendant Manpower is a state agency and that any of its staff who may have violated his constitutional rights are state actors.

**V.      Discussion.**

Since Plaintiff has filed a *pro se* Complaint raising, in part, a constitutional claim, the Court is required to hold it to a less stringent standard. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594 (1972).

Initially, we find, as we did with his original Complaint, that Plaintiff Jones' Amended Complaint does not comport with Fed.R.Civ.P. 8 federal pleading requirements. In his Doc. 5 Amended Complaint, Plaintiff has again failed to properly state any claim based on Federal Rule of Civil Procedure 8(a) which requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Burke v. Twp. of Cheltenham,* 742 F.Supp.2d 660, 667 (E.D. Pa. 2010)("Factual allegations must be enough to raise a right to relief above the speculative level ... .")(quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). As stated above, in our Docs. 3 & 4 Memorandum and Order, we specifically instructed Plaintiff how to conform his Amended Complaint to Rule 8.

As discussed, we found that Plaintiff's 2-page, handwritten original Complaint was deficient. (Doc. 1, pp. 1-2). Also, as mentioned, Plaintiff appeared to allege in his original Complaint that this Court has jurisdiction over his case under diversity of citizenship.

In his original Complaint, Plaintiff stated that his claims against Defendant Manpower were for identity theft, identity fraud, and breach of contract. Plaintiff sought $10 million in damages against Manpower for "noingly (sic) [knowingly] and willingly allowing a client to work under [his] personal information." (*Id.*, p. 2).

Plaintiff's first claim of his original Complaint was for identity theft and identity fraud. Since Plaintiff did not cite to any federal or state statutes with respect to his claims, it appeared that Plaintiff may have been alleging a violation of a federal criminal statute, 18 U.S.C. §1028, regarding fraud and related activity in connection with identification documents, authentication features, and information. However, as we pointed out in our Doc. 3 Memorandum, "[t]here is no civil action component included in 18 U.S.C. § 1028 regarding crimes involving fraudulent identification documents." *Talley v. Deutsche Bank Trust Co.*, 2009 WL 901126, *4 (D.N.J. 2009).[2] We found that Plaintiff's original Complaint lacked sufficient allegations as to Defendant Manpower and what this Defendant did to violate any applicable federal statutes under which Plaintiff has a private right of action.

Next, we stated that Plaintiff may also be deemed as trying to assert a claim of identity theft against Defendant Manpower under Pennsylvania state law. In *Eagle v. Morgan*, 2013 WL 943350, *9 (E.D.Pa. March 12, 2013), the Court stated:

> Plaintiff next alleges that Defendant Edcomm committed the crime of identity theft for which she is entitled to civil damages under 42 Pa.C.S. § 8315. The crime of identity theft is defined as follows: "A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person

---

[2]We noted that to the extent that Plaintiff was deemed as requesting that this Court initiate federal criminal prosecution against Defendant Manpower for knowingly allowing another temporary employee to use his identity and Social Security number, this Court clearly lacks such authority. The Third Circuit has held that a private person could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10).

without the consent of that other person to further any unlawful purpose." 18 Pa. Cons.Stat. § 4120(a). "Identifying information" is defined as "[a]ny document, photographic, pictorial or computer image of another person, or any fact used to establish identity, including, but not limited to, a name, birth date, Social Security number, driver's license number, nondriver governmental identification number, telephone number, checking account number, savings account number, student identification number, employee or payroll number or electronic signature." *Id.* at § 4120(f).

[], the Court does not find that Plaintiff has established this cause of action by a preponderance of the evidence. First, [], identity theft requires some unlawful possession of a person's identifying information. *Wallace v. MediaNews Grp., Inc.,* No. Civ.A.12–872, 2013 WL 214632, at *6 (M.D.Pa. Jan. 18, 2013) ("To be in violation of this statute, one must be in possession of identifying information of another without their consent and use that information to further an unlawful purpose ... There is no evidence the Wallace's mug shot was 'stolen.' The mug shot was apparently obtained for police files and was part of the public record.").

Since Plaintiff Jones stated that he previously worked for Defendant Manpower and Manpower lawfully possessed all of his identifying information, we found that Manpower did not steal Plaintiff's information. Also, Plaintiff did not allege that Defendant Manpower used his information for any unlawful purpose. Rather, Plaintiff alleged that another client of Defendant Manpower obtained his personal information and used it, and that this caused him damages since he was denied SSI benefits and his food stamps were cut. Thus, we found that Plaintiff failed to state a claim for civil damages against Defendant Manpower under §8315 in his original Complaint. *See Eagle v. Morgan,* 2013 WL 943350, *9(Court held that since Plaintiff presented no evidence that Defendant stole her information and used it for an unlawful purpose, there was no merit to Plaintiff's PA state law claim of identity theft.).

In his original Complaint, Plaintiff also alleged Defendant Manpower breached a contract. In *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania*, the Court stated:

11

> "A cause of action for breach of contract must be established by pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Corestates Bank, N.A. v. Cutillo,* 723 A.2d 1053, 1058 (Pa.Super.1999). While not every term of a contract must be stated in complete detail, every element must be specifically pleaded. *Id.* at 1058.

*Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania*, 2006 PA Super 54, 895 A.2d 595, 600 (Pa. Super. Ct. 2006).[3] We found that Plaintiff's original Complaint, as discussed above, did not state the required elements for a breach of contract claim under Pennsylvania law against Defendant Manpower.  Plaintiff did not allege that there was a security breach of Defendant Manpower's database and he did not state how the other client of Manpower obtained his personal information.  As such, we found that Plaintiff's original Complaint lacked sufficient allegations as to what Defendant Manpower did to breach a contract it had with Plaintiff.

Thus, we found that Plaintiff 's original Complaint failed to state any cognizable claim against Defendant Manpower.  We then directed Plaintiff to file an Amended Complaint and Plaintiff did so.  We now find that Plaintiff's Amended Complaint fails to state any cognizable claim against Defendant Manpower.

To the extent Plaintiff only raises a claim that Defendant Manpower violated his constitutional rights and he files his Amended Complaint as a §1983 civil rights action, we find that Manpower is not a state agency. We find that Defendant Manpower, a private  company, should be dismissed since it is not a state agency liable to suit in a §1983 action.

---

[3]Pennsylvania substantive law is utilized in this diversity case as this Court sits in Pennsylvania.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

Generally, a private company such as Defendant Manpower is not a state agency. *See Jacobowitz v. M&T Mortgage Corporation*, 372 Fed. Appx. 225, 227 (3d Cir. 2010)(M&T Mortgage Corporation was not a state agency). As such, Defendant Manpower is not a proper Defendant under §1983. *Id*. Further, as discussed, neither Plaintiff's original Complaint nor his Amended Complaint alleged that Defendant Manpower was acting under color of state law. Rather, it appears that Defendant Manpower was a private company which previously employed Plaintiff and then allegedly allowed another employee to use Plaintiff's identity from May 26, 2013, to March 9, 2014.

The Third Circuit has stated that there are two categories under which a private individual or company may be liable as a state actor for purposes of a § 1983 action. *Leshko v. Servis*, 423 F. 3d 337, 340 (3d Cir. 2005). The first category "involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant. . . . The second category of cases involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined with government policies or management." *Id*.

Based on the above, we find that Plaintiff's allegations against Defendant Manpower do not fall under either of the two categories under which a private company may be liable as a state agency for purposes of a § 1983 action. Thus, we will recommend that Defendant Manpower be dismissed with prejudice insofar as Plaintiff is attempting to raise constitutional claims against it since we find futility in allowing Plaintiff to amend such claims under §1983 against this Defendant.

Finally, Plaintiff may have a negligence claim against Defendant Manpower, but he does not properly state such a claim in his pleadings.   In a diversity action, the substantive law of Pennsylvania applies with respect to a negligence claim Plaintiff may have against Defendant Manpower. Under Pennsylvania law, "[a] prima facie negligence claim requires the Plaintiff to show that: (1) the Defendant had a duty to conform to a certain standard of conduct; (2) the Defendant breached that duty; (3) such breach caused the injury in question; and (4) the Plaintiff incurred actual loss or damages." *Krentz v. Consol. Rail Corp.*, 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2007).

Also, as discussed above, Plaintiff's original Complaint did not state the required elements for a breach of contract claim under Pennsylvania law against Defendant Manpower. Thus, we will recommend that insofar as Plaintiff be asserting a negligence claim and a breach of contract claim under Pennsylvania law against Defendant Manpower, that such claims be dismissed without prejudice.   It is not clear at this point of the case if it is futile for the Court to allow Plaintiff to file a second Amended Complaint regarding a negligence claim and a breach of contract claim under Pennsylvania law against Defendant Manpower.

**VI.     Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff Jones' Amended Complaint **(Doc. 5)** be dismissed with prejudice to the extent that Plaintiff is raising constitutional claims against Defendant Manpower under §1983. It is recommended that insofar as Plaintiff is asserting a negligence claim and a breach of contract claim under Pennsylvania law against Defendant Manpower, that such claims be dismissed without prejudice.  It is also recommended that Plaintiff *in forma pauperis* Motion **(Doc. 2)** be granted.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: June 24, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DWANN JONES, | : | CIVIL ACTION NO. **1:CV-14-1092** |
| | : | |
| Plaintiff | : | |
| | : | (Chief Judge Connor) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| MANPOWER, INC., | : | |
| | : | |
| | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 24, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

      witnesses or recommit the matter to the magistrate judge with instructions.

      Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                  <u>s/ Thomas M. Blewitt</u>
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**

**Dated: June 24, 2014**