IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY DWANN JONES,** | : | CIVIL ACTION NO. 1:14-CV-1092 |
| Plaintiff, | : | (Chief Judge Conner) |
| v. | : | |
| **MANPOWER, INC.,** | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 11th day of August, 2014, upon consideration of the report (Doc. 6) of Magistrate Judge Thomas M. Blewitt, recommending the court grant the motion (Doc. 2) for leave to proceed *in forma pauperis* filed by *pro se* plaintiff Anthony Dwann Jones ("plaintiff") but dismiss plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a viable claim, and, following an independent review of the record, the court agreeing with the magistrate judge that plaintiff's complaint fails to state a claim for relief pursuant to federal or state law, (see Doc. 6 at 9-14), and that plaintiff's claims pursuant to 42 U.S.C. § 1983 should be dismissed without prejudice because defendant Manpower, Inc., is not a state actor subject to Section 1983 liability, (see id. at 12-13), but that dismissal of plaintiff's state law claims should be without prejudice in deference to plaintiff's *pro se* status and because the court cannot ascertain with certainty whether amendment would be futile on the sparse pleading before it, see Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (observing that courts must liberally grant leave to amend "unless amendment would be inequitable or futile"), and it appearing that neither party has objected to the report, and that there is no clear error on the face

of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 6) of the magistrate judge is ADOPTED.

2. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is GRANTED.

3. Plaintiff's amended complaint (Doc. 5) is DISMISSED in its entirety.

4. Dismissal is with prejudice to the extent plaintiff asserts a claim pursuant to 42 U.S.C. § 1983. Dismissal is without prejudice to the extent plaintiff asserts state law claims for negligence and breach of contract.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

5. Plaintiff is GRANTED leave to amend his pleading to the limited extent he seeks to assert state law claims for negligence and breach of contract. If plaintiff fails to file a curative amended pleading within fourteen (14) days of the date of this order, the Clerk of Court shall close this case.

6. Any amended pleading filed pursuant to paragraph 4 shall be filed to the same docket number as the instant action, shall be entitled "Second Amended Complaint," and shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint (Doc. 1) hereinabove dismissed.

7. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

8. This matter is REMANDED to Magistrate Judge Blewitt for further proceedings.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania